## G. D. PRINCE v. THE STATE.

No. 7170. Decided January 17, 1923.

**1.—Misdemeanor Theft—Recognizance—Punishment.**

Where the recognizance failed to state the punishment the same is defective and the appeal must be dismissed. However, a new recognizance having been made, the dismissal is set aside.

**2.—Same—Indictment—Constitutional Law.**

Where the indictment charged the defendant, that at the time of the giving and drawing a check on a certain bank, he did not have sufficient funds therein to pay the check and had no good reason to believe that said check would be paid, the same was sufficient, and the law is not unreasonable or unconstitutional. Following Pruitt v. State, 83 Texas Crim. Rep., 148, and other cases.

**3.—Same—Evidence—Check—Variance.**

Where the check was delivered to the agent of the company the fact that it was drawn in favor of said company was in accord with the averment in the indictment and proof of it was no variance.

**4.—Same—Sufficiency of the Evidence.**

Where it inferentially appeared from the evidence that at the time the check was drawn defendant was without funds in the bank upon which it was drawn, and it affirmatively appeared that he had previously issued checks sufficient to exhaust his account, the conviction is sustained.

**5.—Same—Indictment—Duplicity—Rule Stated.**

Averments in the same count in the indictment, stating the different means by which the offense may have been committed, do not render the pleading obnoxious to the rule against duplicity.

**6.—Same—Evidence—Case Stated—Sufficiency of the Evidence.**

Where the assistant cashier of the bank testified that in his capacity

as an officer of the bank he was familiar with the bank's accounts, that the books and accounts were correctly kept, and they showed that defendant had withdrawn all of his funds in the bank before the check in question was presented, the State's case was made out, and it was not necessary to call other employees of the bank to negative the fact that other deposits had been made by the defendant. Distinguishing Moore v. State, 20 Texas Crim. App., 233. Following Scoggins v. State, 244 S. W. Rep., 536.

Appeal from the County Court of Dallas. Tried below before the Honorable T. A. Work.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $50 and seven days confinement in the county jail.

The opinion states the case.

*Oscar H. Calvert,* for appellant. On the question of variance, Mathews v. State, 33 Texas, 102; Spurlock v. State, 45 Texas Crim. Rep., 284; McKnight v. State, 70 id., 470; Whittaker v. State, 211 S. W. Rep., 786.

On question of insufficiency of indictment, Fromme v. State, 212 S. W. Rep., 501.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for misdemeanor theft; punishment fixed at a fine of fifty dollars and confinement in the county jail for a period of seven days.

The recognizance is defective in that it fails to state the punishment. Code of Crim. Proc., Art. 919; Vernon's Texas Crim. Stat., Vol. 2, p. 882; Branch's Ann. Tex. Penal Code, Sec. 615 to 617.

The State's motion to dismiss the appeal is sustained.

*Dismissed.*

ON REHEARING.

January 7, 1923.

MORROW, PRESIDING JUDGE.—A new recognizance having been made, the dismissal is set aside.

The conviction is for swindling, a misdemeanor; punishment fixed at a fine of fifty dollars and a jail sentence of seven days.

The appellant obtained personal property from the possession of Lavender by means of a check drawn by the appellant upon the Dallas National Bank, dated July 25th, for the sum of twenty-five dollars. In the indictment it is charged that at the time of giving and drawing the check and at the time when, in the ordinary course of business said check would be presented at said bank for payment, the appellant did not have sufficient funds with which to pay said check, and had no good reason to believe that said check would be paid. This averment is in accord with subdivision 4 of Article 1422 of the Penal Code

on the subject of swindling. The other averments in the indictment comply with Article 1421 of the Penal Code. We discern nothing in subdivision 4 mentioned which condemns it as unreasonable or unconstitutional. It has been treated as valid in a number of instances. See Pruitt v. State, 83 Texas Crim. Rep., 148; Moore v. State, 87 Texas Crim. Rep., 77; McGinty v. State, 6971, not yet reported.

Lavender was the manager of the mercantile establishment from which appellant received the goods. The check was delivered to Lavender and the representations were made to him. The fact that it was drawn in favor of F. M. Hammond Company was in accord with the averment in the indictment, and proof of it was no variance. McGinty v. State, supra. The check was delivered about four o'clock in the afternoon of July 25th. It was delivered at Lancaster, a town situated in the same county as the city of Dallas. It was deposited in a local bank at Lancaster, and in the regular course of business, it reached the bank at Dallas upon which it was drawn on the 29th of July. At the time of its presentation at the bank at Dallas, the appellant's account had been closed and there were no funds to his credit. It was shown that at some time during the business hours on the 25th of July, there stood to the credit of the appellant in the bank upon which the check was drawn an amount sufficient to pay it, but that during the business hours of that day, other checks previously drawn by the appellant were presented and his account became exhausted. He became aware of the condition of his account on the following day, and so far as the record reveals, he had neither made nor undertaken to make arrangements with the bank to have the check in question paid when it reached the bank upon which it was drawn. It thus inferentially appears that at the time the check was drawn at four o'clock in the afternoon of the 25th of July, appellant was without funds in the bank upon which it was drawn, and it affirmatively appears that he had previously issued checks sufficient to exhaust his account. We regard the evidence as quite sufficient to establish the averment in the indictment to the effect that at the time the check was drawn, appellant was without funds in the bank and had no good reason to believe that the check would be paid.

The indictment was not duplicitous. It charged but one offense, namely, that by the issuance of the check, without funds to meet it and without good reason to believe that it would be paid, the goods were obtained. There were, as above stated, accompanying averments showing that Lavender relied upon the representations. Averments in the same count stating the different means by which the offense may have been committed do not render the pleading obnoxious to the rule against duplicity. See Branch's Ann. Tex. Penal Code, Sec. 506.

Touching the status of appellant's account in the Dallas National Bank, the assistant cashier testified that in his capacity as an officer of the bank, he was familiar with the bank's accounts; that the books

and accounts were correctly kept and that they showed that appellant had withdrawn all of his funds in the bank before the check in question was presented. The point is made that the State's case was not made out in the absence of calling other employees of the bank to negative the fact that other deposits had been made by the appellant. Reference is made to Moore v. State, 20 Texas Crim. App., 233, in support of this proposition. In that case there was a specific claim by Moore that he had on deposit in the bank the sum of $5,000. To establish the falsity of this statement, the State introduced the cashier who testified that the appellant had never had any money in the bank within his knowledge and that the books showed no deposit. It was held that this made but a prima facie case and did not overcome the presumption of innocence. In the instant case, there was no specific claim of any deposit other than that which the bank's books showed to have been made and withdrawn. The books of the bank, which were shown without dispute to have been correctly kept, revealed the status of his account. Under the facts of the instant case, we deem it not incumbent upon the State to introduce further testimony upon the subject. The case of Pruitt v. State, supra, is by the facts differentiated from this one. Authenticated as the evidence was by the testimony that the books were correctly kept and showed all transactions with the appellant, and in the absence of any evidence suggesting that he had had other transactions, the trial court was right, we think, in refusing to instruct the jury that the State's case was not proved. See Wigmore on Evidence, Vol. 2, p. 1895, Sec. 1530; Scoggins v. State, 92 Texas Crim. Rep., 424, 244 S. W. Rep., 536.

Finding no error in the record, an affirmance of the judgment is ordered.

*Affirmed.*