### F. B. MARTIN v. THE STATE.

No. 7196. Decided May 16, 1923.

Rehearing denied October 17, 1923.

**1.—Theft—Evidence—Notes Collected—Money not Accounted for.**

Upon trial of theft of two notes of the alleged value of $500 each, there was no error in permitting the owner of the alleged stolen notes to testify that the defendant had collected the money called for by said notes and had not accounted for same to said owner.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of two notes of the alleged value of $500 each, the evidence supported the conviction, there is no reversible error.

**3.—Same—Rehearing—Indictment—Descriptive Averments—Surplusage.**

Where, upon trial of theft, it was obvious from the face of the indictment that it alleged the theft of two notes of even date of equal amount with the same make-up and the same payee, and if as to one of the notes the indictment was incomplete that averment might be treated as surplusage, there was no reversible error.

95 T. C.—26

4.—Same—Continuance—Affidavit—Practice on Appeal.

There exists in this court no authority to consider an affidavit, filed several months after the record was filed in this court, alleging newly discovered evidence. Following McBride v. State, 246 S. W. Rep., 394.

Appeal from the District Court of Gregg. Tried below before the Honorable P. O. Beard.

Appeal from a conviction of theft; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. N. Campbell,* for appellant.

*W. A. Keeling,* Assistant Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Gregg County of the offense of felony theft, and his punishment fixed at five years in the penitentiary.

Appellant was charged by indictment with the theft of two notes of the alleged value of five hundred dollars each. Each of said notes is described in the indictment, because of which fact appellant made a motion to quash the indictment upon the ground of duplicity. Said instrument is not subject to the complaint. It is proper to charge in one count theft of various articles and to describe them therein.

There is but one bill of exceptions in this record and that complains of the action of the trial court in permitting the owner of the alleged stolen notes to testify that this appellant had collected the money called for by said notes and had not accounted for same to said owner. The only objection made to said testimony was that it did not bear on the issue involved in the indictment. We regret our inability to agree to this contention. The charge of theft involves the issue of the fraudulent taking of the property. Apparently it was claimed by the appellant in this case that he did take the property but under a claim of right and by permission of the owner. The fact that after coming into possession of the notes, by means of a false and forged order as claimed by the State, appellant collected the money due on the notes and appropriated it, would be permissible as affecting the question of fraud involved in the charge of theft.

In appellant's motion for new trial it is insisted that the evidence does not support the judgment. We can not agree to this proposition. The issue was sharply drawn as to whether appellant came into possession of the notes by means of an order signed by the alleged owner of same, or whether said order was in fact forged by appellant. This issue was submitted to the jury in terms so appropriate and ap-

parently satisfactory to appellant, as that *no exceptions were taken thereto.* Appellant claimed that he came into possession of the notes as the legitimate representative of the owner and that he collected something over one thousand dollars due thereon, and that he sent it to a man in Oklahoma by the name of Jackstone for some kind of investment or safe-keeping for the alleged owner. He claimed that he had sent to the owner an order upon Jackstone for the money. Evidently the contention of the State was that the claim of appellant that he sent the money of said owner to Jackstone and that Jackstone had it and had failed to account to the owner for it, was but a flimsy subterfuge offered for the purpose of excusing appellant for his failure to account to the owner for said property. These matters were before the jury and were for their determination. They seem to have settled all conflicts in the evidence against appellant's contention, and we find ourselves unable to conclude that the testimony of appellant's taking and appropriation of the notes to be so unsatisfactory as to not support the verdict.

Finding no error in the record, an affirmance will be ordered.

*Affirmed.*

ON REHEARING.

October 17, 1923.

MORROW, PRESIDING JUDGE.—The descriptive averment of the indictment reads thus:

". . . that . . . F. B. Martin, did then and there unlawfully and fraudulently take one promissory note for the principal sum of Five Hundred Dollars, executed by B. E. Martin, and L. L. Mackey on the 7th day of February, 1920, and payable to W. O. Martin seven months after date, of the value of Five Hundred Dollars; one promissory note for the principal sum of Five Hundred Dollars, executed by B. E. Martin and L. L. Mackey, on the 7th day of February, 1920, and payable to the order of W. O. Martin, nine months after date, of the value of Five Hundred Dollars."

There is no such lack of certainty in the descriptive averments in the indictment as condemns it. It is obvious that it charges the theft of two notes of even date, of equal amounts, with the same maker and the same payee. If as to one of the notes the indictment was incomplete, that averment might be treated as surplusage. Hickman v. State, 22 Texas Crim. App. 441; Hammons v. State, 29 Texas Crim. App. 448; Branch's Ann. Tex. P. C., Sec. 506. There is but one offense embraced in the indictment. One that is duplicitous charges in the same count more than one offense. Rumage v. State, 55 S. W. Rep. 64; Branch's Ann. Tex. P. C., Sec. 506. It is the State's

theory and testimony that each of the notes was deposited by the owner with a certain bank for safe keeping and were fraudulently obtained by appellant upon a forged order. It was undisputed that he collected the amount of the notes, and he claims to have given the money obtained on them to one Jackstone, in person, at Longview, Texas, as a deposit for the benefit of W. O. Martin and that the W. O. Martin received it. It was therefore competent for W. O. Martin to testify that he had never received any of the proceeds of the notes.

It was shown without controversy that appellant presented to the bank with whom the notes were placed a written order purporting to bear the signature of the owner, W. O. Martin denied the execution of the order and disclaimed having given any authority to the appellant to secure the possession of the notes. There was evidence introduced by the appellant, in addition to his own testimony supporting his theory, that in obtaining the notes he acted on authority from the owner and that the written order was genuine. These issues were pertinently placed before the jury in a written charge to which there was no objection urged and in which we have observed no fault. Apparently it accurately and fairly presented appellant's defensive theory and clearly informed the jury that even though appellant acquired the notes by a fraudulent device, there could be no conviction unless at the very time he received them he formed the intent to appropriate them to his own use and deprive the owner of their value.

The record shows no motion for a continuance, but appellant claims in his motion for rehearing that he expected Jackstone, who resided in McAllister, Oklahoma, to be present at the trial and give testimony supporting appellant's defensive theory. No statement from Jackstone was presented in the trial court, but several months after the record was filed in this court, there was placed among the papers on file an affidavit signed Y. D. Jackstone, which reads thus:

"The State of New Mexico,
County of Union.

Before me, the undersigned authority, on this day personally appeared Y. D. Jackstone, who, after being by me duly sworn upon oath, says that he knows F. B. Martin of Longview, Texas, and has so known him for several years, and that he knows W. O. Martin of Texarkana, Ark., having had business transaction with the said W. O. Martin on one occasion in McAllister, Okla. In this, F. B. Martin, during the month of November, 1920, delivered to me, in Longview, Texas, several hundred dollars and in this amount he delivered to me One Thousand and Sixty-nine Dollars belonging to W. O. Martin, all the money the said F. B. Martin delivered to me was deposited with me in the name of F. B. Martin, trustee, for safe keeping, he furnishing me with a list of the owners and the amount due each one. Some time after this time, latter part of January, 1921, F. B. Martin had the

amount of W. O. Martin deposited with me in the name of W. O. Martin, and I sent W. O. Martin a receipt showing this deposit to his account to him at Texarkana, Ark., R. F. D., also sent to F. B. Martin a copy. About ten days after this, W. O. Martin, drew his entire deposit, $1069.00 in person at McAllister, Okla., from me, and gave me receipt for same which I have. He seemed happy over collection of this money for him by F. B. Martin and spoke in high terms of F. B. Martin.

Y. D. Jacstone.

Sworn and subscribed to before me this the 14th day of Sept. 1923.
F. S. Canfield,
Notary Public, Union County, New Mexico.
(Seal)
My commission expires
    May 23, 1927.''

There exists in this court no authority to consider this affidavit for any purpose. McBride v. State, 93 Texas Crim. Rep., 257, 246 S. W. Rep., 394. It has been embraced in the opinion in order to give the appellant such benefit from it, if any, as might result from such use of it.

The motion for rehearing is overruled.

*Overruled.*