The People of the State of Illinois, Plaintiff-Appellant,
v. Sylvester Samples, Defendant-Appellee.

Gen. No. 66–113.

Fifth District.

February 25, 1967.

·T. H. Hubler, State's Attorney of Williamson County, of Marion, for appellant.

No brief filed for appellee.

EBERSPACHER, J.

Defendant was arrested on a warrant issued on a criminal complaint charging the defendant committed the offense of deceptive practice. The complaint alleged:

> "Sylvester Samples, committed the offense of Deceptive Practice in that, on said 16th day of June, 1966, at and within the City of Marion, County of Williamson in the State of Illinois, said defendant, Sylvester Samples, made, executed and delivered unto Bracy Food Stores, Inc., a corporation, a check in the amount of $40.80, drawn on the Bank of Egypt, a banking corporation, then and there knowing at the time of the making, drawing and delivering said check that it would not be paid by said depository with the intent then and there to thereby obtain unauthorized control over the property of the said Bracy Food Stores, Inc., a corporation, in violation of Paragraph 17–1(d), Chapter 38 Illinois Revised Statutes, 1965."

By the Public Defender, defendant filed his motion to dismiss the complaint, quash the warrant and discharge the defendant, contending that the complaint failed to set forth all the elements of the offense charged

in that there was a failure to allege "an intent to defraud." The court upon hearing the arguments, entered its order dismissing the complaint, quashing the warrant, and discharging defendant, from which the People have perfected this appeal.

Section 17-1(d) of the Criminal Code (c 38, § 17-1(d), Ill Rev Stats 1965) provides that a person commits a deceptive practice when:

> "With intent to obtain control over property, labor or services of another, he issues or delivers a check or other order upon a real or fictitious depository for the payment of money knowing that it will not be paid by the depository . . . ."

As was pointed out in People v. Billingsley (Feb 1966), 67 Ill App2d 292, 213 NE2d 765 at p 768:

> "The statute quoted above makes no reference to an 'intent to defraud.' It requires only that a person, with an intent to obtain control over property, issue or deliver a check for the payment of money knowing that it will not be paid by the depository. If taken literally, this could be read to mean that a person has committed a criminal offense, who, when issuing his check in return for funds advanced to him, knows that his depository cannot then honor it, and so advises the person to whom the check is issued, and asks him to take and hold it until a specified future date, at which time the check will be good. The statute, so construed, would thus convert the use of a check as a 'note,' or the creation of a debtor-creditor relationship in such manner, into a criminal offense. Interpreted thusly, the statute would impose absolute liability."

 We agree as is pointed out in subsequent portions of the Billingsley opinion that section 17-1(d) does

not create absolute liability, and agree with the language of that opinion, concerning the sufficiency of the language of the statute in framing a deceptive practice charge, in view of the history of section 17–1(d), and the requirements of section 111–3(a) of the Criminal Code (c 38, § 111–3(a), Ill Rev Stats 1965).

The opinion in Billingsley does not set out the exact language of the charge; but here the People contend, that the holding therein is incorrect, and that under the reasoning of the Appellate Court (4th District) in People v. Haynes (July 1966), 73 Ill App2d 85, 218 NE2d 489, the necessity of the use of the words "with intent to defraud" is dispensed with, and that a bill of particulars could supply any additional details from a factual standpoint that might be necessary for the proper preparation of the defense. In Haynes the court had before it the question of the sufficiency of an indictment for forgery, being prosecuted under section 17–3 of the Criminal Code; there it was urged that the indictment was insufficient since it failed to allege that the person whose name was forged was a living person. The court rejected this contention, pointing out that an indictment for forgery was historically sufficient when couched in the language of the statute, and distinguished the cases which had indicated otherwise. The Haynes case cannot be interpreted to say that an essential element of a crime can be omitted in the charge, because it can be reached by a bill of particulars. As is pointed out in Billingsley, former section 255, which was codified by section 17–1(d), included the words "with intent to cheat or defraud" and the Supreme Court, in People v. Baldas, 334 Ill 444, 166 NE 47, described the essential elements of the crime, and held that all essential elements must be alleged, and held that the missing essential element (knowledge that the bank would not honor) could not be inferred from the allegation of intent to defraud.

The committee comments following sections 16–1 and 17–1 (SHA c 38, §§ 16–1 and 17–1) point out that most of the bad check activities will fall under section 16–1, and particularly point out that when the instrument is issued or delivered "to pay for property," the defendant could not be prosecuted for theft under section 16–1. Here the people have included the theft element in the charge which recites it is a deceptive practice charge under section 17–1(3), by not using the language of section 17–1(d) "intent to obtain control over property" and substituting therefore "intent to obtain *unauthorized* control." Under section 16–1(a) theft is committed when one knowingly obtains *unauthorized* control, so that it cannot be said that the charge in this case is couched in the language of section 17–1(d), the violation of which the People contend it alleges. To us it is not logical that an essential element of the crime of theft, "unauthorized control over property" of another, could be substituted for the essential element of deceptive practice— "intent to defraud." Neither do we consider that it would be proper for a defendant to be required to demand a bill of particulars to determine whether he was charged with theft by a complaint which states that the violation is of section 17–1(d).

Neither can we say that the Legislature when they codified the former "bad check" section (§ 255, c 38, Ill Rev Stats 1961) by the adoption of section 17–1(d) intended to eliminate the previously essential element of "intent to defraud" even though they did not include those specific words in the codification. Had they intended to alter the essential element of the crime, the resulting section 17–1(d) would not have been a codification of the former section 255, as it is stated to be in the Committee Comments, but would describe a different crime with different essential elements.

We contemplate no hardship or undue burden placed upon the People, by the requirement that intent to defraud be alleged in charging violation of section 17–1(d). The judgment of the Circuit Court of Williamson County is affirmed.

Affirmed.

MORAN and GOLDENHERSH, JJ., concur.