People of the State of Illinois, Plaintiff-Appellee, v. Louis E. Johnson, Jr., Defendant-Appellant.

Gen. No. 66–60.

Third District.

February 2, 1968.

William E. Stewart, of Kewanee, for appellant.

James Fulton, State's Attorney, of Cambridge, for appellee.

STOUDER, J.
Defendant, Louis E. Johnson, Jr., pled guilty to the offense of deceptive practices. The Circuit Court of Henry County imposed sentence and denied defendant's motion for post-trial relief. By our previous order in this appeal we affirmed the conviction but vacated the sentence and remanded the cause for further hearing on the sentence to be imposed. Thereafter we granted rehearing and in view of our decision on the matters considered upon rehearing our previous order is hereby vacated.

The petition for rehearing is not based on the court's misapprehension of the law or any mistake in our former opinion but relies solely on a new basis for reversal of the trial court's judgment which basis for reversal was not previously urged in the trial court or in this court. Defendant now argues the information failed to state an offense and is therefore fatally defective. While we do not approve of defendant's failure to raise this objection at an earlier stage of the proceedings we believe the interests of justice require its consideration.

Defendant was charged in the language of the statute with the violation of section 17–1 (d), chapter 38, Ill Rev Stats (1963), in that he ". . . did then and there with intent to obtain control over certain property, to wit: gasoline . . . issue and deliver a certain bank check . . . knowing that it would not be paid by the depository, . . . ." The charge does not allege that the act was done

379

with "the intent to defraud" and it is the omission of this allegation which defendant contends renders the charge fatally defective. This precise question has previously been considered in People v. Billingsley, 67 Ill App2d 292, 213 NE2d 765 and People v. Samples, 80 Ill App2d 182, 224 NE2d 284, and the court therein concluded that "intent to defraud" is an essential element of the offense and no offense is charged in the absence thereof. People v. Billingsley, supra, is also authority for the proposition that the error can be raised at any time. We find no support for the People's contention that the rule announced in such cases should be otherwise or that the rule is not applicable to this case. The charge, failing to state an offense, is thereof insufficient to support the conviction.

The judgment of the Circuit Court of Henry County is reversed.

Judgment reversed.

ALLOY, P. J. and CULBERTSON, J., concur.