THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT CARROLL HUARD, Defendant-Appellant.

(No. 73-215; ▮▮▮▮▮▮▮▮▮▮

Fifth District—October 1, 1974.

Robert E. Farrell and James Streicker, of State Appellate Defender's Office, of Chicago, for appellant.

Frank H. Schniederjon, State's Attorney, of Effingham, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

On April 13, 1973, Robert Carroll Huard was charged by information with the offense of deceptive practice. Subsequently defendant pled guilty to the charge and was sentenced to 1 year in accordance with plea negotiations. Defendant appeals on the grounds of defective information, failure to sufficiently inform him of right to counsel, alleged violations of Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, par. 402) and improper sentencing. Defendant has been released on bond.

Defendant first contends that the information is fatally defective because it does not allege intent to defraud as required in *People v. Greene,* 92 Ill.App.2d 201, 235 N.E.2d 295; *People v. Samples,* 80 Ill. App.2d 182, 224 N.E.2d 284; and *People v. Billingsley,* 67 Ill.App.2d 292, 213 N.E.2d 765.

We also note that the statute (Ill. Rev. Stat. 1971, ch. 38, par. 17—1) commences as follows: "A person commits a deceptive practice when, with intent to defraud  *  *  *."

We agree that it is necessary to allege intent to defraud. In view of this holding it is unnecessary to discuss the other contentions.

Judgment reversed.

G. MORAN, P. J., and EBERSPACHER, J., concur.