Jimmie Edward RENFRO, a/k/a Robert E. Renfro, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–90–01071–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 19, 1992.

Discretionary Review Refused June 24, 1992.

---

Douglas M. O'Brien, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carol M. Cameron, Terry Wilson, Maria Hayes, Asst. Dist. Attys., Houston, for appellee.

Before DUNN, O'CONNOR and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

A jury convicted appellant of engaging in organized criminal activity and assessed his punishment at 31–years confinement and a fine of $10,000. We affirm.

In his sole point of error, appellant maintains that the trial court erred in denying his objection to the charge that the jury must be specifically instructed (1) that the appellant committed each separate offense named in the indictment, (2) in a combination consisting of five or more persons.

■ An appellant who seeks reversal on the basis of error in the charge must first demonstrate that error exists in the charge, and then show that the error was calculated to injure his rights or caused the denial of a fair and impartial trial. *Arline v. State*, 721 S.W.2d 348, 351 (Tex.Crim. App.1986); TEX. CODE CRIM. P. ANN. art. 36.19 (Vernon 1981). We hold that appellant failed to satisfy the first part of this standard.

■ Section 71.02(a)(1) of the Penal Code,[1] as worded in 1986 at the time of the alleged offense, defined the offense of engaging in organized criminal activity as follows:

> (a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or conspires to commit *one or more of the following:* (1) murder, capital murder, arson, aggravated robbery, robbery, burglary, *theft,* ...

(Emphasis added.) The provisions of section 71.01 of the Texas Penal Code[2] in effect in 1986 required the State to establish that a "combination" of five or more persons collaborated in carrying on criminal activities. *Id.* at § 71.01(a). The code provision stated that "membership in the combination may change from time to time," *id.* at § 71.01(a)(2), and that " 'conspires to commit' means that a person agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense and that person and one or more of them perform an overt act in pursuance of the agreement...." *Id.* at § 71.01(b). Thus, to be guilty of the offense of organized criminal activity, a defendant must commit or conspire to commit one or more of the enumerated crimes, and do so with the specific intent of participating in a group of at least five persons.[3] The defendant must both agree to participate and must himself perform an overt act in pursuance of that agreement. *Id.* at § 71.01(b). *See Barber v. State*, 764 S.W.2d 232, 235 (Tex.Crim. App.1988).

In a single count indictment containing eight paragraphs, appellant was charged with engaging in organized criminal activity. The indictment alleged, in pertinent part:

> The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, JIMMIE E. RENFRO, also known as ROBERT E. RENFRO, hereafter styled the defendant, heretofore on or about April 15, 1986, did unlawfully, intentionally and knowingly, with the intent to establish, maintain, and participate in a combination and the profits of a combination of five or more persons who collaborate in carrying on criminal activities, namely: *theft of vehicles, heavy equipment and money,* said combination being made up of ROBERT C. BRIDGES also known as KEN-

---

**1.** Act of June 10, 1977, 65th Leg., R.S., ch. 346, § 1, 1977 Tex.Gen.Laws 922, *amended by* Act of June 15, 1989, 71st Leg., R.S., ch. 782, § 1, 1989 Tex.Gen.Laws 3468, *amended by* Act of June 16, 1991, 72nd Leg., R.S., ch. 555, § 1, 1991 Tex. Gen.Laws 1968.

**2.** Act of June 10, 1977, 65th Leg., R.S., ch. 346, § 1, 1977 Tex. Gen. Laws 922, *amended by* Act of June 15, 1981, 67th Leg., R.S., ch. 587, §§ 1–

3, 1981 Tex.Gen.Laws 2373 (amended 1989, 1991).

**3.** Section 71.01(a) was amended in 1989 to define "combination" as *"three* or more persons who collaborate in carrying on criminal activities." Act of June 15, 1989, 71st Leg., R.S., ch. 782, § 1, 1989 Tex.Gen.Laws 3468, *amended by* Act of June 16, 1991, 72nd Leg., R.S., ch. 555, § 1, 1991 Tex.Gen.Laws 1968 (emphasis added).

NETH DALE RIESKE, MARLON RAY DAVIS, JIMMIE E. RENFRO also known as ROBERT E. RENFRO, JAMES D. MEEKS, DEAN D. AMASON, CLIFF BRYANT, ARTHUR SMITH LANEHART also known as SMOOTH, GENE MONTGOMERY AND SPENCER C. ARNOLD, commit and conspire to commit the following offenses:

(Emphasis added.) In eight separate following paragraphs, the indictment enumerates eight incidents involving theft of heavy equipment (dozers, backhoes, forklifts, and air compressors) and vehicles (boats and trailers, and an automobile), each involving appellant and various members of the group.

The trial court's charge to the jury provides, in pertinent part:

Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas on or about April 15, 1986, the defendant, Jimmie Edward Renfro, did then and there unlawfully, intentionally and knowingly, with the intent to establish, maintain, or participate in a combination or the profits of a combination of five or more persons who collaborate in carrying on criminal activities, namely: *theft of vehicles, heavy equipment, or money* said combination being made up of Jimmie Edward Renfro and at least four of the following persons, Robert C. Bridges also known as Kenneth Dale Rieske, Marlon Ray Davis, James D. Meeks, Dean D. Amason, Cliff Bryant, Arthur Smith Lanehart also known as Smooth, Gene Montgomery, and Spencer Arnold, and the said Jimmie Edward Renfro acting as a member of the aforesaid combination did commit any of the following:

(Emphasis added.) The charge then lists in separate paragraphs each of the thefts set out in the indictment, setting forth the dates, owners of the property appropriated, and the names of the individuals who participated "as a part of the combination aforesaid" with appellant in that theft.

Appellant asserts that the charge fails to instruct the jury that it must specifically find that appellant and at least four other persons collaborated in the commission of any particular one of the specific thefts. Appellant contends that the charge "authorized the jury to return a verdict of guilty upon a finding of different persons in different combinations committing different offenses." According to appellant, he cannot determine exactly what offense he was convicted of, or what other persons alleged in the various paragraphs were part of the combination.

■ Appellant's point of error is based on the faulty premise that the indictment alleges he participated in *three separate offenses* of engaging in organized criminal activity, namely, (1) theft of vehicles, (2) theft of heavy equipment, and (3) theft of money. Contrary to appellant's assertions, the indictment alleged that appellant committed *one offense*, engaging in organized criminal activity. As shown in the above quotation from the jury charge, the trial court instructed the jury specifically that it had to find beyond a reasonable doubt that appellant committed any of the listed acts "acting as a member of the aforesaid combination."

■ Appellant was charged with one count of engaging in organized crime. Each count of a charging instrument may contain as many separate paragraphs charging that offense as necessary, as long as no more than one offense is charged in any count. TEX. CODE CRIM. P. ANN. art. 21.24(b) (Vernon 1989). Article 21.24(c) of the Texas Code of Criminal Procedure provides: "A count is sufficient if any one of its paragraphs is sufficient. An indictment ... is sufficient if any one of its counts is sufficient." Thus, the term "count" is used to charge the offense itself, and a "paragraph" is a portion of a count, which charges a *method of committing the offense. See Riley v. State*, 658 S.W.2d 818, 819 (Tex.App.—Fort Worth 1983, no pet.). An indictment may allege different methods of committing the same offense, *Martin v. State*, 95 Tex.Crim. 401, 254 S.W. 971, 973 (Tex.Crim.App.1923); *Prince v. State*, 93 Tex.Crim. 230, 247 S.W. 863, 864 (Tex.Crim.App.1923), and each of these

methods may be submitted alternatively in the charge to the jury. *Zanghetti v. State,* 618 S.W.2d 383, 386–88 (Tex.Crim.App. [Panel Op.] 1981); *Gonzalez v. State,* 734 S.W.2d 178, 179 (Tex.App.—Houston [1st Dist.] 1987, no pet.). It is not error to plead in the conjunctive and charge in the disjunctive. *Robinson v. State,* 596 S.W.2d 130, 134 (Tex.Crim.App.1980); *Cowan v. State,* 562 S.W.2d 236, 240 (Tex.Crim.App. [Panel Op.] 1978); *Banks v. State,* 638 S.W.2d 532, 535 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd). The trial court charged the jury in the language of the code provision, substituting the word "or" in the charge for the word "and" in the indictment. Both the charge and the indictment allowed conviction only under section 71.02, and the charge did not authorize conviction on a theory not alleged. *Seek v. State,* 646 S.W.2d 557, 560–61 (Tex.App.— [1st Dist.] 1982, no pet.).

In the instant case, the State alleged that appellant had the intent to maintain, establish, or participate in a combination, or the profits of a combination, which collaborated in carrying on criminal activities. In the indictment, the language "theft of vehicles, heavy equipment and money" did not allege three different offenses, but simply described the purpose of the combination, i.e., to collaborate in carrying on the criminal activity of theft targeting heavy equipment, vehicles, and money. *See, e.g., Cashion v. State,* 657 S.W.2d 517, 518–20 (Tex. App.—Corpus Christi 1983, pet. ref'd) (indictment contained all necessary elements for prosecution of felony theft where indictment alleged 11 third-degree felony theft offenses in one scheme committed in continuing course of conduct). The purpose of the combination was alleged in the indictment to be to steal vehicles, heavy equipment, and money. The jury was charged, and returned a verdict finding, that some combination of the named individuals collaborated in carrying on the criminal activity of theft, whether theft of vehicles or theft of heavy equipment.

█ The fact that the State alleged in the indictment the three *types* of property targeted to be stolen did not convert the offense of engaging in organized crime to commit theft into three separate offenses. Based on the evidence, the trial court therefore properly charged the jury on the *single* offense of engaging in organized criminal activity to commit theft of vehicles, or heavy equipment.

█ We do not read section 71.02 of the Penal Code to require the jury to find which five specific individuals committed any offense set out disjunctively part of the combination committing the single offense. Appellant asserts no point of error complaining that the evidence was insufficient to support a finding of any of the overt acts set out in the charge. *Vasquez v. State,* 665 S.W.2d 484, 486 (Tex.Crim. App.1984); *Daniel v. State,* 704 S.W.2d 952, 954 (Tex.App.—Fort Worth 1986, no pet.).

█ Finally, the trial court did not err by refusing appellant's request at trial for a special verdict form. "The verdict in every criminal action must be general." Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a) (Vernon 1981). The jury found appellant guilty of the offense of engaging in organized criminal activity, a first degree felony. The judgment recites that appellant was convicted of the offense of "engaging in organized crime." When a general verdict is returned, and the evidence is sufficient to support a finding under the count presented in the indictment, no error is shown. *Bailey v. State,* 532 S.W.2d 316, 322–323 (Tex.Crim.App.1975). Appellant does not contest sufficiency of the evidence.

The point of error is overruled. We affirm the judgment of the trial court.