No. 04-98-00369-CR



Juan SEGURA, Jr.,


Appellant



v.



The STATE of Texas,


Appellee



From the144th Judicial District Court, Bexar County, Texas


Trial Court No. 97-CR-3208


Honorable Susan D. Reed, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice 

 Catherine Stone, Justice 

 Sarah B. Duncan, Justice 


Delivered and Filed: July 7, 1999


AFFIRMED


 Juan Segura, Jr. was convicted of murder and sentenced to life imprisonment. On appeal,
he challenges the trial court's admission of twenty photographs as unfairly prejudicial and complains
that the trial court failed to adequately charge the jury on the theory of self-defense. Because we
conclude that these points of error are without merit, we affirm the judgment of the trial court.


Factual Background

 Segura and Martin Luna, the victim, lived together for a short period of time on Segura's
grandfather's property. One afternoon at this residence, Segura and two other friends began drinking
beer and playing cards on the property. Several hours later, Luna came home from work. Luna
drove Segura and a friend to a convenience store to buy more beer. After returning to the residence,
Segura and Luna began arguing. Eventually, the argument evolved into a fight. Segura's friends
separated Segura and Luna, but they continued to argue. After the others left, Segura and Luna
began fighting again. Segura testified he was afraid for his life. Segura picked up an aluminum
baseball bat and hit Luna in the head. Segura noted that Luna came after him again, and Segura hit
Luna with the bat for the second time. This blow was fatal. Segura dragged the body to the
outhouse behind the residence and disposed of the body and the bat in the well beneath the outhouse.
Segura went to sleep or passed out, but later notified his grandfather that he had killed Luna.
Segura's grandfather called the police who arrested Segura behind a local convenience store.

Admissibility of the Evidence

 In his first point of error, Segura complains that twenty of the photographs admitted at trial
were too gruesome and unfairly prejudicial to be properly admitted. Texas Rule of Evidence 402
provides for the admission of all relevant evidence, evidence which tends to make the existence of
any fact that is of consequence to the determination of the action more or less probable. Tex. R.
Evid. 401, 402. Relevant evidence may be excluded, however, if its probative value is substantially
outweighed by the danger of unfair prejudice. See Tex. R. Evid. 403 (noting that evidence may also
be excluded if it confuses the issues, misleads the jury, causes undue delay, or results in the needless
presentation of cumulative evidence). Virtually all evidence offered by the prosecution will be
prejudicial to the defendant, and, as a result, the trial court should only exclude evidence that is
unfairly prejudicial. See Caballero v. State, 919 S.W.2d 919, 922 (Tex. App.--Houston [14th Dist.]
1996, pet. ref'd). The trial court overruled all of Segura's objections regarding the admissibility of
the photographs at issue. We review the trial court's decision to admit evidence for an abuse of
discretion. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

 Generally, a photograph must possess some probative value which is not substantially
outweighed by its inflammatory nature. Rojas v. State, 986 S.W.2d 241, 249 (Tex. Crim. App.
1998).

 Relevant factors in making this determination include: the number of exhibits
offered, their gruesomeness, their detail, their size, whether they are black and white
or color, whether they are close up shots, whether the body is naked or clothed, the
availability of other means of proof, and other circumstances unique to the individual
case.


Id. at 249. The fact that a crime scene photograph is gruesome does not render the photograph
necessarily inadmissible under Rule 403. See Long v. State, 823 S.W.2d 259, 273 (Tex. Crim. App.
1991). A photograph of an object or scene is generally admissible if a verbal description of that
object or scene would be admissible. Horton v. State, 986 S.W.2d 297, 305-306 (Tex. App.--Waco
1999, no pet.) (holding that an enlarged close-up photograph of the victim's head which graphically
depicted a gruesome and bloody gaping wound which exposed the deceased's brain was admissible
as it demonstrated the brutal nature of the offense committed and reflected the testimony of the
State's witness).

 The State correctly groups the twenty photographs in dispute into five general categories:

1. The blood trail outside of the residence (Nos. 40, 43)

2. The outhouse and its contents prior to being drained (Nos. 11, 32, 49)

3. The items recovered from within the residence (Nos. 14, 34, 35, 42, 44)

4. The blood stains and tissue fragments from within the residence (Nos. 37, 38, 39, 41, 47, 48)

5. The victim after the offense (Nos. 13, 17, 20, 52)

Segura contends that these exhibits should not have been admitted not only because they were
gruesome but because Segura did not contest the fact that he killed Luna, but claimed that he did so
only in self-defense. However, the photographs in question demonstrate the brutal nature of the
offense committed and reflect the State's theory of the case and support facts relevant to the
categories listed. The photographs are relevant as to whether Segura acted in self-defense by
indicating the number of blows Luna sustained, the justifiability of Segura's use of the bat, the
veracity of Segura's testimony regarding the events of the fight, the location of the use of the bat, and
Segura's disposition of the body. As the trial court noted, crime scene photographs are very
probative on issues of self-defense. Even though the photographs are numerous and depict a heinous
scene, that fact alone does not render the evidence inadmissible. We cannot say that the trial court
abused its discretion in admitting these photographs. Segura's first point of error is overruled.

Jury Charge

 In his second point of error, Segura complains that the trial court did not properly instruct the
jury on the issue of self-defense. He argues that the trial court should have included a portion of
Tex. Penal Code Ann. § 9.32 (Vernon Supp. 1998) which states that a person is justified in using
deadly force against another to prevent the other's imminent commission of aggravated kidnaping,
murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery. The charge only
indicated that a person is justified in using deadly force when he reasonably believes that deadly
force is immediately necessary to protect himself against the other's use or attempted use of unlawful
deadly force.

 Article 36.19 of the Code of Criminal Procedure provides that:


 whenever it appears by the record in any criminal action upon appeal that any
requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded,
the judgment shall not be reversed unless the error appearing from the record was
calculated to injure the rights of defendant, or unless it appears from the record that
the defendant has not had a fair and impartial trial. All objections to the charge and
to the refusal of special charges shall be made at the time of the trial.


Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981).(1) If charge error is not preserved at trial, the
defendant must show that error was so harmful that he was denied a fair and impartial trial, such that
he suffered actual egregious harm. Patrick v. State, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995);
Dooley v. State, 1998 WL 823687, *3 (Tex. App.--Tyler 1998, pet. ref'd).

 Segura argues that "attempted" and "imminent" have two distinct meanings. As a result, he
contends the jury would not have understood that Segura had the right to use self-defense if he
reasonably believed that his own murder was imminent because of Luna's attack. By failing to
include language indicating that self-defense is justified to prevent another's imminent commission
of murder, Segura argues that he was egregiously harmed.

 Without deciding whether it was error to omit this portion of the charge in the first place, we
decide that any error committed was not egregious. A reasonable jury would understand from the
charge as it was written that Segura would be justified in using deadly force if he reasonably believed
that deadly force was immediately necessary to protect himself against the other's use of deadly
force. This language communicates to the jury the requirement of imminence. Viewing the court's
charge as a whole, we conclude that the charge sufficiently presents applicable law and protects the
defendant's rights. See Dooley, 1998 WL 823687, *3. Segura has not met his burden of showing
that error exists in the charge and that the error was calculated to injure his rights or cause a denial
of a fair and impartial trial. See id.; Renfro v. State, 827 S.W.2d 532, 534 (Tex. App.--Houston [1st
Dist.] 1992, pet. ref'd). Segura's second point of error is overruled.

 The judgment of the trial court is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH








1. At trial, Segura requested a charge on self-defense. The State objected on the grounds that such a charge was
not supported by the evidence. The trial court did not rule on the request and recessed. The court charged the jury as
indicated and Segura made no objections. Thus, the State correctly asserts that Segura has not preserved error.