TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-01-00576-CR






Robert Homer Owens, II, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT

NO. 0995878, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING






O P I N I O N



 Robert Owens II appeals from judgments of conviction for aggravated sexual assault
of a child by contact, (1) indecency with a child by contact, (2) and indecency with a child by exposure. (3) 
Owens contends that the trial court erred by cumulating his sentences when the evidence shows that
he might have committed some of these offenses before the effective date of the statute authorizing
cumulation. He also contends that the trial court erred by refusing to require the State to elect
between charges of aggravated sexual assault of a child by penetration, of which he was acquitted,
and aggravated sexual assault of a child by contact. Because we disagree with Owens's contentions
and find no reversible error, we will affirm the convictions.


BACKGROUND

 Owens began inappropriately kissing the complainant, his stepdaughter, almost
immediately after he married her mother in Costa Rica in May 1995. The new family moved to
Austin in August of that year. At that time, the complainant was almost six years old. The
complainant began first grade in Austin that same August, and, a short time later, began to see a
counselor to help her deal with behavioral problems she was having at home. The complainant 
remained in counseling for a little over a year. It is not clear from the record whether any form of
sexual abuse occurred during this period. At some point, likely after the complainant had finished
her counseling, Owens began to severely sexually abuse her. The complainant testified that every
Saturday when her mother was at work, beginning some time when she was six or seven years old,
Owens would take her into the master bedroom and (1) touch his "private" to her "private," (2) lick
his fingers and touch her "private" with them, (3) make her touch his "private" with her hand, and
(4) masturbate in front of her. She claimed that he did (1), (2), and (4) "all the time," while he did
(3) often, but not as frequently as (1), (2), and (4). She also testified that one day while she was in
the backyard playing a recorder she received in the fifth grade, Owens masturbated in front of her. 
On May 28, 1999, the complainant made an outcry to her mother and told her "what Robert [Owens]
was doing." The complainant's mother then called the police.

 The State presented several additional witnesses, including the complainant's mother,
officer Dana Munguia who responded to her call, and Dr. Beth Nauert who later examined and
interviewed the complainant. They all testified about their conversations with the complainant and
each essentially corroborated the complainant's testimony. The only discrepancy of note is that Dr.
Nauert and officer Munguia testified that the complainant told them that Owens had also penetrated
her, while the complainant testified that Owens's "private" touched only the outside of her "private." 
Dr. Nauert further testified that the complainant told her that on the night she made the outcry, she
was afraid that Owens would abuse her the next day while her mother was at work.

 The indictment was composed of three counts containing a total of four paragraphs.
Count one, paragraph one alleged that Owens penetrated the complainant's sexual organ. Tex. Pen.
Code Ann. § 22.021(a)(1)(B)(i) (West Supp. 2003). Count one, paragraph two alleged that Owens
caused the complainant's sexual organ to contact his sexual organ. Id. § 22.021(a)(1)(B)(iv). Count
two alleged in a single paragraph that Owens touched the complainant's genitals with the intent to
arouse or gratify his sexual desire. Id. § 21.11(a)(1). Count three alleged in a single paragraph that
Owens exposed his genitals in the complainant's presence with the intent to arouse or gratify his
sexual desire. Id. § 21.11(a)(2)(A). Each paragraph was submitted to the jury as a separate offense. 
The jury returned a verdict of not guilty on the charge of aggravated sexual assault of a child by
penetration as alleged in count one, paragraph one, and returned verdicts of guilty on the three other
alleged offenses.

DISCUSSION

 In his first issue, Owens claims that the trial court erred in cumulating his three
sentences. On December 8, 1999, Owens was charged with four offenses as described above. The
indictment alleged that each of these offenses took place on or about May 15, 1999. Because the
State used the phrase "on or about," it was free to prove that these offenses occurred on any date
prior to the presentment of the indictment and within the statutory limitations period. Sledge v.
State, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); Berrios-Torres v. State, 802 S.W.2d 91, 95 n.2
(Tex. App.--Austin 1990, no pet.); see also Tex. Code Crim. Proc. Ann. art. 21.02(6) (West 1989). 
At trial the State offered evidence of multiple and frequent abusive episodes, each constituting one
or more of the charged offenses, likely beginning sometime in 1996 and continuing unabated until
the date of outcry in May1999.

 Ordinarily, when a defendant has been convicted of multiple offenses that have been
properly joined and prosecuted in a single trial, (4) the sentences must run concurrently. See Tex. Pen.
Code Ann. § 3.03(a) (West Supp. 2003). There are, however, statutory exceptions to this rule that
allow courts to impose consecutive sentences in certain circumstances or for certain offenses. See
id. § 3.03(b). These exceptions were enacted in 1997 when the legislature amended section 3.03 of
the penal code and were specifically made non-retroactive. (5) The exception pertinent to this case
allows courts to impose consecutive sentences for certain sexual offenses, including aggravated
sexual assault of a child and indecency with a child. See id. § 3.03(b)(2)(A). 

 Owens argues that the State had to prove beyond a reasonable doubt that each element
of the three offenses occurred after September 1, 1997. We disagree. The date of commission is not
an element of any crime, and section 3.03(b) does not specify an evidentiary burden to trigger the
court's authority to cumulate sentences. We believe that the trial court has discretion to cumulate
sentences under section 3.03(b) when there is some evidence that the offenses occurred after
September 1, 1997. See Miller v. State, 33 S.W.3d 257, 261 (Tex. Crim. App. 2000) (similarly
construing trial court's authority to cumulate current sentences with those of prior convictions under
section 42.08 of code of criminal procedure).

 The trial court therefore had the discretion to order consecutive sentences so long as
some evidence indicated that Owens committed the crimes he was convicted of after September 1,
1997, the effective date of the amendment. See Yebio v. State, 87 S.W.3d 193, 195 (Tex.
App.--Texarkana 2002, no pet.). Owens seems to imply that the crimes he was convicted of were
continuing offenses with elements occurring both before and after September 1, 1997. This is
incorrect. Each discrete assault and act of indecency constitutes a separate completed offense. See,
e.g., Patterson v. State, No. 3-01-595-CR, slip op. at 8-9, 2002 Tex. App. LEXIS 6638, at *13-14
(Tex. App.--Austin Sep. 12, 2002, pet. filed).

 In this case, the evidence supports the trial court's exercise of discretion under penal
code section 3.03(b). Although the victim's testimony sometimes conflicted as to dates of the sexual
assaults, a reasonable view of the evidence as a whole supported the trial court's exercise of its
discretion to run Owens's sentences consecutively. The record contains evidence indicating that
Owens indeed committed all three of the crimes he was convicted of after September 1, 1997. We
overrule Owens's first issue.

 In his second issue, Owens argues that the court erred by refusing to require the State
to elect between paragraphs one and two of count one of the indictment and by submitting each
paragraph to the jury as a separate offense. Paragraph one alleged aggravated sexual assault of a
child by penetration, and paragraph two alleged aggravated sexual assault of a child by contact.

 When multiple offenses are properly joined in a single indictment, each offense
should normally be alleged in a separate count. See Tex. Code Crim. Proc. Ann. art. 21.24(a) (West
1989). In such cases, the State is not required to elect between counts and each count may be
submitted to the jury. (6) Patterson, 2002 Tex. App. LEXIS 6638, at *13; Thacker v. State, 999 S.W.2d
56, 63 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). A count may contain as many separate
paragraphs as necessary. Tex. Code Crim. Proc. Ann. art. 21.24(b) (West 1989). Owens argues that
count one should be read as alleging a single offense, aggravated sexual assault of a child, with each
paragraph merely alleging an alternate manner of committing the offense in order to meet possible
variations in the proof. Thus, Owens contends the trial court should have authorized his conviction
for aggravated sexual assault of a child under either paragraph one or paragraph two of count one,
but not both.

 As a general rule, a "count" is used to charge the offense itself and a "paragraph" is
that portion of a count which alleges the method of committing the offense. Patterson, 2002 Tex.
App. LEXIS 6638, at *14; see also Renfro v. State, 827 S.W.2d 532, 535 (Tex. App.--Houston [1st
Dist.] 1992, pet. ref'd). However, the substance of the allegation determines its character as a
"count" or a "paragraph," not the terminology used. Patterson, 2002 Tex. App. LEXIS 6638, at *14. 

 Those who commit multiple discrete assaults against the same victim are liable for
separate prosecution and punishment for every instance of such criminal misconduct. Id. at *14. 
In this case the testimony of various witnesses described multiple distinct assaults, some constituting
sexual assault by penetration, others constituting sexual assault by contact. Under these
circumstances, the trial court did not err by treating the two aggravated sexual assault "paragraphs"
as "counts" alleging two discrete offenses and authorizing Owens's conviction for both. (7) We
therefore overrule Owens's second issue. (8) 

 In his third issue, Owens complains about the cumulative effect of the State's
improper jury argument and questioning of witnesses. However, in each instance he complains of
in his brief, the trial court sustained his objection. To preserve error for appellate review, the
complaining party must timely make a specific objection and obtain an adverse ruling. See Tex. R.
App. P. 33.1(a). Owens did not obtain an adverse ruling on any of these matters. We therefore
overrule his third issue. See Chamberlain v. State, 998 S.W.2d 230, 238 (Tex. Crim. App. 1988)
(stating that while it is conceivable that a number of errors may be found harmful in their cumulative
effect, non-errors may not in their cumulative effect cause error).


CONCLUSION 

 Having overruled all of Owens's issues, we affirm the judgment of the trial court.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: January 16, 2003

Publish

1. Tex. Pen. Code Ann. § 22.021 (a)(1)(B)(iv) (West Supp. 2003). The jury assessed
punishment for this offense at imprisonment for twenty-five years and a $10,000 fine. 
2. Tex. Pen. Code Ann. § 21.11(a)(1) (West Supp 2003). The jury assessed punishment for
this offense at imprisonment for ten years and a $5,000 fine.
3. Tex. Pen. Code Ann. § 21.11 (a)(2)(A) (West Supp. 2003). The jury assessed punishment
for this offense at imprisonment for ten years and a $3,000 fine. The jury also recommended
probation for this offense. 
4. The joinder rules of the penal code allow the State to prosecute all offenses arising out of
the same criminal episode in a single trial. See Tex. Pen. Code Ann. § 3.02(a) (West 1994). The
code defines "criminal episode" as, among other things, "the commission of two or more offenses
[when] . . . the offenses are the repeated commission of the same or similar offenses." Id § 3.01
(West 1994). Neither Owens nor the State alleges improper joinder.
5. The legislature provided:


(a) The change in law made by this Act applies only to an offense committed
on or after the effective date of this Act. For purposes of this section, an
offense is committed before the effective date of this Act if any element of
the offense occurs before the effective date.


(b) An offense committed before the effective date of this Act is covered by the
law in effect when the offense was committed, and the former law is
continued in effect for that purpose. 


Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 7, 1997 Tex. Gen. Laws 2250, 2252.
6. However, when the State alleges that a single charged offense occurred on multiple
occasions, it is required to elect, on timely motion by the defense, which of those occasions it will
rely upon to pursue a conviction. See Gutierrez v. State, 8 S.W.3d 739, 748 (Tex. App.--Austin
1999, no pet.). 
7. While the trial court did not err under these circumstances, the better practice is to state
each offense as a separate count. See Tex. Code Crim. Proc. Ann. art. 21.24(a). We strongly caution
the State against using this type of drafting to obtain a tactical advantage at trial, thereby creating
confusion as to whether the paragraph describes a separate offense or an alternate manner and means
of committing the same offense.
8. Because of our resolution of this issue, we will not address the State's argument that
Owens's motion for election was untimely.