Peggy DOOLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–97–00452–CR

Court of Appeals of Texas,
Tyler.

Nov. 24, 1998.

Discretionary Review Refused
May 26, 1999.

Rehearing Overruled Dec. 28, 1999.

Thomas W. Blow, Tyler, for appellant.

Edward J. Marty, Tyler, for appellee.

Before RAMEY, Jr., C.J., HOLCOMB, J., and HADDEN, J.

CHARLES HOLCOMB, Justice.

A jury found Peggy Dooley ("Appellant") guilty of the felony offense of retali-ation and assessed her punishment at four years' imprisonment and a $10,000.00 fine, both of which were probated. Appellant was placed on community supervision for five years. She presents eight issues on appeal for our review. We will affirm.

The evidence reflects that Appellant and Cynthia Delio ("Delio") had been acquaintances of Scottie Welch ("Scottie"). When Scottie died, leaving an estate valued at approximately $400,000.00, Appellant moved in with Scottie's husband, Howard Welch ("Howard"). Howard and Scottie's daughter, Teresa Wheatley ("Teresa"), were interested parties in a contested temporary administration hearing involving Scottie's estate in Anderson County. Delio appeared at the hearing, without subpoena, intending to testify on behalf of Teresa about how Appellant and Howard allegedly disposed of the estate's assets. At the hearing, Delio was sworn in by the court but was not ultimately called to testify. Appellant was not at the hearing. Later, Appellant telephoned Delio and threatened, among other things, to choke her because of what Appellant believed had been or would be Delio's testimony. Portions of these threats were recorded on Delio's telephone answering machine and introduced at trial. Delio also testified concerning other threats which were not recorded.

■ In her first four issues, Appellant claims the trial court erred when it failed to grant a motion for continuance, refused to have the answering machine tape independently examined, failed to grant a motion to dismiss, and failed to have Delio examined for competency. In her discussion of these issues, Appellant argues that part of the original tape was not included on the copy she was furnished, and that she should have been allowed more time to authenticate the tape and to prepare for trial concerning her claim that Delio was incompetent to testify. Appellant, however, has failed to support her statements and arguments by appropriate record ref-

erences showing where in the record these complaints were presented to the trial court and the court's rulings on these issues. *See* TEX.R.APP. P. 33.1(a), 38.1(d), (f), (h). The court must be directed to that portion of the record supporting the claimed error. *Lape v. State*, 893 S.W.2d 949, 953 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). In addition, Appellant has failed to cite any legal authority or present any analysis on these purported errors. The Texas Rules of Appellate Procedure require that argument and authority be offered in support of each point of error in order for the issues to be properly before the court. TEX.R.APP. P. 38.1. Since Appellant has offered no authority, analysis or record references, she has effectively waived these issues. *Maldonado v. State*, 902 S.W.2d 708, 711 (Tex.App.— El Paso 1995, no pet.). We overrule Appellant's first four issues.

In her fifth issue, Appellant contends that the trial court erred in refusing her requested definition of "witness" in the jury charge. The requested charge would have defined a witness as "one who has testified in an official proceeding and does not include a mere prospective witness." Appellant reasons that since Article 36.06 of the Texas Penal Code distinguishes between the terms "witness" and "prospective witness," the requested definition was required. She also argues that administering the oath to Delio did not transform her from a "prospective witness" to a "witness." At the time of the alleged offense, Article 36.06 of the Texas Penal Code, in relevant part, provided as follows:

(a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:

(1) in retaliation for or on account of the service or status of another as a:

(A) ... public servant, **witness**, prospective witness, or informant, or .... (emphasis added)

TEX. PEN.CODE ANN. art. 36.06(a) (Vernon Supp.1998). The indictment against Appellant alleged:

... that on or about the 1st day of November, 1996, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, PEGGY DOOLEY did then and there intentionally and knowingly threaten to harm another, to-wit: CYNTHIA DELIO, by an unlawful act, to-wit: by threatening to choke the said CYNTHIA DELIO to death, in retaliation for and on account of the service of the said CYNTHIA DELIO **'as a witness'** ....
(emphasis added)

We find no authority addressing the issue of whether a person is classified as a "witness" under the statute when he has been sworn as a witness in an official proceeding, but has not testified. At first blush, it would appear that the issue has been determined by *Jones v. State*, 628 S.W.2d 51 (Tex.Cr.App.1980), a case cited by Appellant. In *Jones*, the court construed the term "witness" to mean one who has testified in an official proceeding. *Id.* at 55. We note, however, that the result in *Jones* was driven by its distinctive facts. In that case, the defendant and the complaining witness got into an argument at a bus station cafeteria and caused a disturbance. The defendant fled the scene, but was apprehended by a nearby policeman. Upon being returned to the bus station in the custody of the police, the defendant pointed at the complaining witness, accused her of calling the police and threatened to kill her. The defendant was indicted and tried for retaliation against the complaining witness who testified under subpoena at trial. The *Jones* court reasoned that, upon these facts, the evidence was insufficient to support a conviction since when the threat was made, the complainant was not a witness in any official proceeding. The version of Article 36.06 which was applicable in *Jones*, however, did not prohibit retaliation against a "prospective witness" nor did it criminalize

retaliation on account of the "status" of a witness. Furthermore, *Jones* is not dispositive of the issue because Delio had been sworn as a witness in an official proceeding. *See* TEX. PEN.CODE ANN. § 36.05 (Vernon 1994).

■ In 1983, the legislation added the words "prospective witness" to the statute. In response to *Jones*, in *Morrow v. State*, 862 S.W.2d 612 (Tex.Cr.App.1993), the Court of Criminal Appeals had occasion to examine the purpose and interpret that portion of amended Article 36.06, which applies to the instant case. The court observed that the statutory categories of protected persons overlapped and that to narrow those categories would defeat the legislative purpose. It also held that "prospective witness" should be given its ordinary meaning, taking into consideration the defendant's intent. *Id.* at 614. In the present case, "witness" is also a common term and should be ascribed its ordinary meaning. We hold that the ordinary meaning of "witness" includes one who has testified as well as one who has been called to testify. No error occurs when a trial court does not define a common word in its charge to the jury. *Penry v. State*, 903 S.W.2d 715, 730 (Tex.Cr.App.1995). We overrule Appellant's fifth issue.

■ In her sixth issue, Appellant complains that the trial court erred when it instructed the jury as follows:

> Our law provides that a person commits an offense if she intentionally or knowingly threatens to harm another by an unlawful act in retaliation for or on account of the service of a person *who has reported the occurrence of a crime.* (emphasis ours)

No other abstract definition of the applicable law was given or requested. Appellant did not object to this paragraph at trial. On appeal, she argues that the inclusion of the above language deprived her of a fair and impartial trial by misleading and confusing the jury as to the proper standard upon which to base its deliberations. Appellant asserts that her position is supported by the fact that during deliberations, the jury asked what crime had been reported.[1] It is apparent that the instruction was erroneous since this was not an element of the charged offense.

■ Article 36.19 of the Code of Criminal Procedure provides the following standard of review for both fundamental error and ordinary reversible charge error:

> Whenever it appears by the record in any criminal action upon appeal that any requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal of special charges shall be made at the time of the trial.

TEX.CRIM. PROC.CODE ANN. art. 36.19 (Vernon 1981). When the court's charge, taken as a whole, sufficiently presents applicable law and protects the defendant's rights, however, the judgment (as a result therefrom) will not be reversed on appeal. *Parker v. State*, 594 S.W.2d 419, 424 (Tex.Cr. App.1980). The burden is placed upon the appellant who seeks reversal to demonstrate that error exists in the charge and that the error was calculated to injure his rights or cause a denial of a fair and impartial trial. *Renfro v. State*, 827 S.W.2d 532, 534 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). When we consider whether charge error harmed Appellant, we examine the entire charge, the state of the evidence, including contested issues, argument of counsel, and any other relevant information. *Ash v. State*, 930 S.W.2d 192, 195 (Tex.App.—Dallas 1996, no pet.). When charge error is not preserved at trial, defendant must show that

---

1. In response to the jury's request, the court declined to give further instructions.

error was so harmful that he was denied a fair and impartial trial. In other words, he must show that he suffered actual egregious harm. *Patrick v. State*, 906 S.W.2d 481, 492 (Tex.Cr.App.1995), *reh'g denied*, *cert. denied*, 517 U.S. 1106, 116 S.Ct. 1323, 134 L.E.2d 475 (1996).

■ The application paragraph tracked the indictment and correctly applied the law to the facts. And the foremost issue in the instant case was Appellant's intent.[2] Our review of the record reveals that the jury should not have been misled to the extent that Appellant suffered actual egregious harm by this innocuous mistake in the jury charge. Appellant's sixth issue is overruled.

■ In her seventh issue, Appellant claims the trial court erred when it failed to grant her request to admit the audio tape and allow it to be played in its entirety to the jury. At trial, the State had marked and offered Delio's answering machine tape into evidence, to which Appellant made no objection. When the State presented its evidence, however, it played only that portion of the tape in which the alleged threats were made by Appellant. The balance of the tape contained conversations with or messages from other individuals. Appellant sought to introduce these portions of the audio tape in order to impeach Delio's testimony that she was not an emotional person and to show Delio's incompetency to testify.[3] The trial judge ruled that these other conversations were irrelevant under the state of the evidence at that time. He then offered Appellant the opportunity to examine Delio outside the presence of the jury to establish a time frame and relevance of the other portions of the tape, at which time he would reconsider his decision. Appellant failed to take advantage of the offer, however, and thereby waived this complaint on appeal. TEX.

R.APP. P. 33.1(a). Appellant's seventh issue is overruled.

■ In issue number eight, Appellant maintains that the verdict is contrary to the law and to the evidence in the case. Appellant again argues that Delio was not a "witness" under Article 36.06 of the Penal Code, but was rather a "prospective witness," which caused a fatal defect between the indictment and the evidence introduced at trial. We construe Appellant's claim to be a legal sufficiency of the evidence claim. The standard for review of a sufficiency of the evidence issue is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Shears v. State*, 895 S.W.2d 456, 458 (Tex.App.—Tyler 1995, no pet.). In reviewing the sufficiency of the evidence, we must consider all the evidence which the jury was permitted to consider, whether rightly or wrongly. *Thomas v. State*, 753 S.W.2d 688, 695 (Tex.Cr.App.1988). In the instant case, the evidence showed that Delio had been called as a witness, appeared in court and was sworn in. Ultimately, however, she was not called to the witness stand to testify. Later Appellant telephoned Delio and threatened her because Appellant believed Delio intended to testify against her interest. The jury could have reasonably determined that Delio was a "witness," ascribing its normal definition to that common term. Therefore, there exists sufficient evidence for a rational jury to find, beyond a reasonable doubt, that Delio was threatened because of her "service or status as a witness." Appellant's eighth issue is overruled.

---

**2.** When Appellant testified on her own behalf, she admitted that she had made the calls, but insisted she was not serious and Delio knew it.

**3.** During one of these taped conversations, Delio cried extensively while she was speaking with her daughter.

Having found no reversible error, the judgment of the trial court is *affirmed.*