No. 04-00-00336-CR



David WASHINGTON ,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court No. 1999-CR-1287


Honorable Raymond Angelini, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: August 29, 2001


AFFIRMED

 David Washington was convicted and sentenced by a jury for murder. He was ordered to pay
a fine of $10,000 and sentenced to twenty years in the Institutional Division of the Texas Department
of Criminal Justice. Acknowledging that he failed to object to the charge, Washington appeals his
conviction alleging he suffered egregious harm from jury charge error.


Charge Error


Standard of Review


 The standard of review for jury charge error is that set out in the Texas Code of Criminal
Procedure and Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). See
Huizar v. State, 12 S.W.3d 479, 484-85 (Tex. Crim. App. 2000). Article 36.19 of the Code of
Criminal Procedure provides that: 

 [W]henever it appears by the record in any criminal action upon appeal that any
requirement of Articles 36.14, 36.15, 36.16, 36.17 and 36.18 has been disregarded, the
judgment shall not be reversed unless the error appearing from the record was
calculated to injure the rights of defendant, or unless it appears from the record that the
defendant has not had a fair and impartial trial. All objections to the charge and to the
refusal of special charges shall be made at the time of the trial.


Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981). Under Almanza, we examine the error in
light of (1) the entire jury charge, (2) the state of the evidence, including the contested issues and the
weight of the probative evidence, (3) the arguments of counsel, and (4) any other relevant
information. See Almanza, 686 S.W.2d at 171.

Voluntariness and Accident


 In his first point of error, Washington complains that the trial court did not properly instruct
the jury on the issue of voluntariness and accident. He argues that the trial court should have charged
the jury with an application of the law to the facts so they could understand that the defendant should
be acquitted if there is a reasonable doubt about whether he voluntarily engaged in the conduct of
which he was accused. The charge indicated that if "you have a reasonable doubt thereof, that the
shooting was an accident and was not the voluntary act or conduct of the defendant, you will acquit
the defendant and say by your verdict 'Not Guilty.'" Washington complains he requested the pertinent
portion of the charge to read that the shooting "was a result of an accidental discharge of the gun
while Jacqueline Washington and the defendant were struggling or scuffling for the possession of the
gun...." This was lined out and replaced with "an accident." Washington argues this charge was
erroneous because it did not include an application of the law to the facts. 

 The State responds that Washington waived any error associated with the submitted jury
charge because he did not object to the charge. If charge error is not preserved at trial, the defendant
must show the error was so harmful that he was denied a fair and impartial trial, such that he suffered
actual egregious harm. Patrick v. State, 906 S.W.2d 481, 492 (Tex. Crim. App. 1995); Dooley v.
State, 999 S.W.2d 796, 799-800 (Tex. App.--Tyler 1998, pet. ref'd). Washington argues that he
was egregiously harmed because of the omitted portion of the charge applying the law to the facts
regarding accident.

 Without deciding whether it was error to omit this portion of the charge, we decide that any
error committed was not egregious. A reasonable jury would understand from the charge as it was
written that if they believed beyond a reasonable doubt that Washington's conduct was not voluntary
and was instead the result of an accidental shooting they were to find him "Not Guilty." Viewing the
court's charge as a whole, we conclude that the charge sufficiently presents applicable law and
protects the defendant's rights. See Dooley, 999 S.W.2d at 799. Washington has not met his burden
of showing that error exists in the charge and that the error was calculated to injure his rights or cause
a denial of a fair and impartial trial. See id.; Renfro v. State, 827 S.W.2d 532, 534 (Tex.
App.--Houston [1st Dist.] 1992, pet. ref'd). Washington's first point of error is overruled.

Circumstances Surrounding the Conduct


 Washington contends in his second and third points of error that the jury charge instructions
that defined the culpable mental states for manslaughter and criminally negligent homicide as
including the conduct element of circumstances surrounding the conduct, were erroneous. Because
the charge was not objected to, Washington maintains these erroneous instructions constituted
egregious error. He contends the instructions permitted the jury to convict him on the wrong conduct
element of the requisite mental state for manslaughter and kept the jury from correctly considering
the mental state for the offense of criminally negligent homicide, which carries a substantially lesser
penalty.

 We disagree. Again, without deciding whether this portion of the charge contained error, we
decide that any error committed was not egregious. A reasonable jury would understand from the
charge as it was written that if they believed beyond a reasonable doubt that Washington recklessly
caused the death of Jacqueline Washington, by shooting her with a deadly weapon, they must find
him guilty of the offense of manslaughter. See Paul J. McClung & W. Scott Carpenter, Texas
Criminal Jury Charges142-143 (1997) (containing same charge for recklessly causing death with
a firearm - manslaughter). In addition, the error Washington believes the jury charge contained only
appeared in the abstract portion of the charge, not the application paragraph. Viewing the court's
charge as a whole, we conclude that the charge sufficiently presents the applicable law and protects
the defendant's rights. See Dooley, 999 S.W.2d at 799. Washington has not met his burden of
showing that the charge contained any error that was calculated to injure his rights or cause a denial
of a fair and impartial trial. See id.; Renfro v. State, 827 S.W.2d 532, 534 (Tex. App.--Houston [1st
Dist.] 1992, pet. ref'd). We overrule Washington's second and third points of error.


 We affirm the judgment of the trial court. 

 

 Catherine Stone, Justice

DO NOT PUBLISH