NO.
12-07-00154-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      

 

IN RE:
PEGGY DOOLEY WELCH,           §          ORIGINAL PROCEEDING

RELATOR

§                      

                                                                                                                                                           


MEMORANDUM
OPINION








            Peggy
Dooley Welch seeks a writ of mandamus directing the trial court to rescind an
alias capias warrant for her arrest, dismiss a bond forfeiture judgment nisi,
and discharge her from probation.  We
grant the requested relief.[1]

 

Background

            The relevant facts are not in
dispute.  Welch was convicted of the
felony offense of retaliation following a jury trial on October 6, 1997.  The jury assessed punishment at four years of
imprisonment, but determined that the sentence should be suspended and Welch
should be placed on probation for a period of five years.  According to Welch, she began reporting for
probation immediately following her sentencing. 
She appealed her conviction to this court, and we affirmed her
conviction in November 1998.  Dooley
v. State, 999 S.W.2d 796 (Tex. App.–Tyler 1998, pet. ref’d).  Thereafter, the court of criminal appeals
refused her petition for discretionary review, and we issued our mandate on
July 15, 1999.








            No petitions to revoke Welch’s
probation were filed.  On March 9, 2007,
the trial court issued an order for Welch, her attorney, and the State to
appear for a hearing on April 3, 2007. 
Welch’s trial counsel filed an objection to the hearing and a motion to
dismiss alleging that the trial court lacked jurisdiction because Welch’s
probationary term had expired.  In their
affidavits filed as part of the record of this proceeding, Welch’s trial
counsel and the trial court’s coordinator disagree about the events leading up
to April 3, 2007, but they agree that the scheduled hearing did not take
place.  A hearing was held on April 4,
2007.  Neither Welch nor her counsel
appeared at that hearing.  The trial
court forfeited Welch’s pretrial bond, issued an alias capias warrant for her
arrest, ordered that she be held without bond, and made a referral to the
district attorney for consideration of whether Welch had committed the felony
offenses of failure to appear and bail jumping. 
The referral states that Welch did not appear on April 4, 2007 for a “mandate”
hearing.

            Welch, according to her affidavit,
did not learn of this action until ten days later when a letter from the trial
court informed her that a warrant had been issued for her arrest.  According to Welch’s trial counsel’s affidavit,
he made at least one informal effort to resolve the matter short of Welch’s
being arrested.  Not being successful,
Welch filed this original mandamus proceeding. 
On Welch’s motion, we granted emergency relief, ordering the trial court
to stay the arrest warrant pending further order.

Prerequisites to Mandamus

            Mandamus relief may be granted
in a criminal case if the relator demonstrates (1) that there is no other
adequate legal remedy and (2) that there is a clear and indisputable right to
the relief sought.  See State v.
Patrick, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002).  The relator has a “clear right to the relief
sought” when the merits of the relief sought are “beyond dispute.”  Winters v. Presiding Judge of the Crim.
Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003).  The requirement of a clear legal right
necessitates that the law plainly describes the duty to be performed such that
there is no room for the exercise of discretion.  Id.  Stated another way, mandamus relief is
appropriate if (1) the act sought to be compelled is purely ministerial and (2)
there is no adequate remedy at law.  Winters,
118 S.W.3d at 775; Dickens v. Second Court of Appeals, 727 S.W.2d
542, 548 (Tex. Crim. App. 1987). 
Mandamus relief is also appropriate to set aside an order entered by a
trial court acting without jurisdiction when there is not another remedy.  See Patrick, 86 S.W.3d
at 595–97; In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998); In
re Hancock, 212 S.W.3d 922, 926 (Tex. App.–Fort Worth 2007, orig.
proceeding).

 

Availability of Mandamus

            The trial court was without
jurisdiction to issue an alias capias warrant for Welch’s arrest for two
reasons.  First, the trial court lacked
general jurisdiction over the case. 
Second, the pretrial bond was no longer in effect, and so the trial
court could not forfeit it or issue a warrant following a forfeiture of the
bond.

            The State concedes that Welch’s
probationary period has ended.[2] 
A trial court has jurisdiction over a probationer during the
probationary term.  See Tex. Code Crim. Proc. Ann. art. 42.12, §
10 (Vernon 2006).  But absent statutory
authority, express or implied, a trial court does not have general jurisdiction
over a case after the mandate has issued. 
Patrick, 86 S.W.3d at 594. 
The trial court has special or limited jurisdiction to ensure that a
higher court’s mandate is carried out and to perform other functions specified
by statute, such as finding facts in a habeas corpus proceeding, determining
entitlement to DNA testing, or other implicit functions.  Id.  The trial court has express statutory
authority to discharge a person from probation. 
See Tex. Code Crim. Proc.
Ann. art. 42.12, § 20(a) (Vernon 2006).  Jurisdiction to require a person to be
present for the discharge is not implied by the statute.  In light of the State’s concession, the
undisputed fact that Welch was well past the end of her probationary period,
and the absence of another jurisdictional basis for the trial court’s actions,
the trial court lacked jurisdiction to do anything further in this case other
than to discharge Welch from probation.  See
Patrick, 86 S.W.3d at 594; Surety Corp. of America v. State,
550 S.W.2d 689, 690 (Tex. Crim. App. 1977) (trial court has no authority to
hold hearing to resentence a probationer after receipt of mandate).  

            The trial court lacked jurisdiction
to issue an alias capias warrant because the pretrial bond was no longer in
effect after Welch began her probation. 
A pretrial bond binds the surety and defendant for “any and all
subsequent proceedings had relative to the charge.”  Tex.
Code Crim. Proc. Ann. art. 17.09, § 1 (Vernon 2006).  But “subsequent proceedings” do not include
anything that occurs after a motion for new trial has been overruled.  Surety Corp., 550 S.W.2d at
690; see also Tex. Code Crim.
Proc. Ann. art. 17.08(5) (Vernon 2006) (“. . . but in no event shall the
sureties be bound after such time as the defendant receives an order of
deferred adjudication or is acquitted, sentenced, placed on community
supervision, or dismissed from the charge.”). 
The court of criminal appeals has held that a trial court does not have “jurisdiction
over the case to take any action on the defendant’s bail bond” once probation
has commenced.  Yarbrough v. State,
703 S.W.2d 645, 648 (Tex. Crim. App. 1985) (interpreting McConathy v.
State, 544 S.W.2d 666, 668 (Tex. Crim. App. 1976)) (trial court has
implicit authority to place a case on its docket after receipt of mandate where
defendant is free on appeal bond and sentence is prison sentence); see also
Reed v. State, 702 S.W.2d 738, 741 (Tex. App.–San Antonio 1985,
no pet.).  The bond here was not an
appeal bond, and the sentence was not a prison sentence.  Therefore, the trial court lacked
jurisdiction to take action on Welch’s bail bond, to forfeit the bond, or to
issue an alias capias warrant under Texas Code of Criminal Procedure, Article
23.05 following the forfeiture of the bond.

            With respect to the forfeiture of
bond and the issuance of an alias capias, Welch has shown a clear right to
relief.  Furthermore, we are persuaded
that she lacks another legal remedy.  The
harm she seeks to forestall is incarceration.[3]  Another remedy would come too late to prevent
that harm. 

            Finally, there is the issue of the
discharge from probation.  The State
indicates in its response that it communicated to Welch’s attorney that it did
not object to dismissal of the matter. 
Discharge from probation is a nondiscretionary, ministerial act.  See Cuellar v. State, 70 S.W.3d
815, 820 (Tex. Crim. App. 2002) (“In sum, a person who successfully completes
all of the terms and conditions of community supervision must be discharged
from community supervision.  This is not
a discretionary matter.”).  The State
does not argue that Welch has not successfully completed her probation.  There is no provision for an appeal from a
trial court’s refusal to grant a request to discharge a person from
probation.  Therefore, Welch has met the
requirements for mandamus relief with respect to the order of discharge. 

 

 

Conclusion

            Because Welch has fulfilled all
requirements for mandamus relief, we conditionally grant the writ
of mandamus and direct Respondent to withdraw the alias capias warrant, dismiss
the judgment nisi entered relative to the bond forfeiture, and enter an order
discharging Welch from probation.  We
trust that the trial court will promptly take these actions.  The writ will issue only if the trial court
fails to comply with this court’s opinion and order within ten days.  The trial court shall furnish this court,
within the time for compliance with this court’s opinion and order, a certified
copy of its order evidencing such compliance. 

 

                                                                                                     SAM GRIFFITH    

                                                                                                               Justice

 

 

Opinion delivered August 15,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The respondent is the Honorable Cynthia S. Kent, Judge of the 114th
Judicial District Court of Smith County, Texas.  The real party in interest is the State of
Texas.





[2] Welch claims that she
began serving her probationary term after her sentence was imposed in 1997, and
there are documents that support that assertion.  Even if Welch’s probationary period begun
when we issued our mandate in 1999, her five year probationary term would have
ended in 2004.

 





[3] According to trial counsel’s affidavit, the trial court indicated to
him in a conversation in March 2007 that it intended to consider whether to
order Welch to report to probation.