*Frame v. State,* supra, cited by the court of appeals, is not in point because it did not discuss what effect, if any, V.T.C.A., Penal Code, Sec. 12.03(c), which provides that "Conviction of a Class C misdemeanor does not impose any legal disability or disadvantage," had upon Art. 35.16(a)(2), V.A.C.C.P., which provides that a challenge for cause may be made by either the State or the defense on the ground that the venireperson "has been convicted of theft." Under Art. 35.16(a)(2), supra, a venireperson is absolutely disqualified from serving as a juror if he "has been convicted of theft." Thus, whether the person was convicted of theft of a candy bar or theft of a million dollars he may not thereafter ever serve as a juror in this state.

As to whether the court of appeals was correct in its application of the Code Construction Act, I believe that is the real gut issue that is before this Court. In light of what was the apparent intention of the Legislature when it enacted Section 12.-03(c), supra, I believe that the decision of the court of appeals is wrong.

Because I believe that the issue before us is of sufficient importance to the citizens of this State, I vote to grant the appellant's motion for rehearing. To the failure of the majority to grant the motion, I respectfully dissent.

## ORDER

PER CURIAM.

In an unpublished opinion, the Texarkana Court of Appeals affirmed the conviction of Robert Delgado, appellant. See *Delgado v. State,* (Tex.App.—Texarkana, 1984, No. 06–83–043–CR, May 1, 1984). Before this Court for review is a document that was filed by appellant's counsel which purports to be a petition for discretionary review. However, we find and hold that this document was not prepared in conformity with Tex.Cr.App.R. 304(d).

It is therefore Ordered by this Court that within fifteen (15) days of the date of this Order counsel for appellant shall file with the Clerk of this Court one (1) original of a petition for discretionary review, which is to be prepared in conformity with Tex.Cr.App.R. 304(d), and nine (9) legible copies of the original. Counsel shall serve, by certified mail, return receipt requested, one (1) copy of the petition for discretionary review on the attorney of record for the respondent and one (1) copy of the petition for discretionary review on the State Prosecuting Attorney.

Failure of counsel to comply with this Order will cause this Court to summarily refuse the above document that has been filed on behalf of appellant.

Robert DELGADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 961–84.

Court of Criminal Appeals of Texas.

April 17, 1985.

James MABE, Appellant,

v.

The CITY OF GALVESTON, et al., Appellees.

No. 01–84–0515–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 10, 1985.

Rehearing Denied March 7, 1985.